UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOPEZ-ALBINANA,<br><br>        Plaintiff,<br><br>    v.<br><br>ALEJANDRO MAYORKAS,<br><br>        Defendant. | Case No. 20-cv-07581-VC<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 34 |

In his first amended complaint, Lopez-Albinana brings five Rehabilitation Act claims against his former employer, the Secretary of the Department of Homeland Security. As a preliminary matter, the complaint does not clearly state what in a long list of alleged actions are the basis of each claim. In any event, because of numerous pleading deficiencies the complaint must be dismissed with leave to amend.

1. Both sides appear to share the view that to state a disability discrimination claim under the Rehabilitation Act a plaintiff must allege that their disability is the sole reason, rather than merely a motivating factor, for an adverse employment action. Assuming for purposes of this motion that is correct, the complaint fails to state a disability discrimination claim. Lopez-Albinana vaguely asserts that most of the reasons the Area Port Director gave for terminating him were pretextual, but he does not identify those reasons or explain why they were pretextual. Indeed, the allegations in the complaint are somewhat misleading—they quote Lopez-Albinana's termination letter as providing a single allegedly disability-related reason for his termination, when in reality it provides many reasons, some of which appear (on the surface at least) unrelated to disability.

Lopez-Albinana contends that any non-disability-related reasons must have been pretextual because he was promoted and received a performance-based award two months before he was placed on the performance improvement plan that led to his termination. But the fact that the supervisor alleged to have initiated the plan was instrumental in approving Lopez-Albinana's promotion and award just two months prior raises the inference that she did not abruptly change course to begin discriminating against him. *Cf. Coghlan v. American Seafoods Co. LLC*, 413 F.3d 1090, 1096 (9th Cir. 2005). The complaint does not provide factual allegations to explain this change in course.

If Lopez-Albinana chooses to file an amended complaint, both sides should consider whether they have identified the correct causation standard for this claim. *See Florence v. Runyon*, 990 F. Supp. 485, 489–91 (N.D. Tex. 1997).

2. Lopez-Albinana's retaliation claim fails for a similar reason: the complaint does not sufficiently allege a causal link between a protected activity and an adverse action. Again, the fact that Lopez-Albinana's supervisor promoted and nominated him for a performance-based award *after* the alleged protected activity—the filing of an EEO complaint against her and Lopez-Albinana's many requests for an accommodation—but *before* the alleged adverse actions—placement on a performance improvement plan, the denial of overtime opportunities, and termination—gives rise to an inference that she did not retaliate against him for engaging in a protected activity. *Cf. Coghlan*, 413 F.3d at 1096. The complaint also does not allege that Lopez-Albinana's new supervisor knew about the protected activities Lopez-Albinana had undertaken before the supervisor arrived at the agency or why his new supervisor would retaliate against him on his former supervisor's instructions. Nor does it allege that the Area Port Director who signed Lopez-Albinana's termination letter knew about Lopez-Albinana's protected activities before approving his termination. And although the exact timing of the alleged protected activities and adverse actions is unclear from the complaint, the fact that the period between those events appears to have spanned four to eight months potentially weighs against a plausible inference of retaliation. *See McCarthy v. Brennan*, 2016 WL 946099, at *13 (N.D. Cal.

Mar. 14, 2016).

3. The reasonable accommodation claim must be dismissed because Lopez-Albinana withdrew his informal EEO complaint before its final disposition. *See Vaughn v. Donahoe*, 2011 WL 2199245, at *6 (N.D. Cal. June 7, 2011). He contends that estoppel applies to save the claim because he withdrew his complaint in reliance on the agency's representations that he would receive his preferred accommodation. But the complaint alleges that he withdrew his complaint *after* he was told that he would not receive the requested accommodation and was instead approved for a different one. That withdrawal precludes judicial review.

4. Similarly, the complaint does not allege that Lopez-Albinana's claim for the improper disclosure of his medical information was properly exhausted. Lopez-Albinana does not allege that he sought EEO counseling within 45 days of the alleged improper disclosure. *See* 29 C.F.R. § 1614.105(a)(1). The letter he submits as an exhibit to his opposition, which the Court may take judicial notice of as part of the administrative record, is dated more than a year after the alleged incident and does not indicate that his claim was properly exhausted before the agency.

5. That leaves the hostile work environment claim, which may or may not be viable under the Rehabilitation Act. *See Mattioda v. Bridenstine*, 2021 WL 75665, at *18 (N.D. Cal. Jan. 8, 2021). Assuming it is, Lopez-Albinana has not pled harassment severe or pervasive enough to change the conditions of his employment or a causal connection between that harassment and his disability. Acts that are part of normal workplace operations, like monitoring, office rearrangements, and negative performance reviews, cannot be the basis of a hostile work environment claim. *Sumera v. Lynch*, 2016 WL 368159, at *7 (N.D. Cal. Feb. 1, 2016). And Vega's alleged one-off comment about Lopez-Albinana's toileting habits and Dandridge's allegedly intimidating behavior during the December 2019 meeting are not sufficiently severe or pervasive on their face to sustain this claim. *See Castro v. City of New York*, 2012 WL 592408, at *2–3 (S.D.N.Y. Feb. 24, 2012). Even if those instances were sufficient, only Vega's comment was at all connected to Lopez-Albinana's disability. The details alleged about Dandridge's behavior do not plausibly show that it was related to Lopez-Albinana's disability rather than

personal dislike. *See Mattioda*, 2021 WL 75665, at *18.

An amended complaint is due 21 days from the date of this order. The defendant must respond within 21 days of the filing of the amended complaint. In addition to considering the above comments, Lopez-Albinana should ensure that his second amended complaint clarifies which acts are the basis of each claim.[1]

**IT IS SO ORDERED.**

Dated: November 9, 2021

_____
VINCE CHHABRIA
United States District Judge

---

[1] The parties' requests for judicial notice are granted. Lopez-Albinana's termination letter, withdrawal email thread, and counsel's letter brief are part of the administrative record so their existence cannot reasonably be questioned. *See* Fed. R. Civ. P. 201(b)(2). However, the Court cannot take notice of the contents of those documents for their truth.