UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOPEZ-ALBINANA,<br><br>        Plaintiff,<br><br>    v.<br><br>ALEJANDRO MAYORKAS,<br><br>        Defendant. | Case No. 20-cv-07581-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 54 |

The motion to dismiss is granted in part and denied in part.[1] Lopez-Albinana does not challenge the motion to dismiss his hostile work environment claim, so that claim is dismissed.

Lopez-Albinana does, however, plausibly state a claim of disability discrimination. To bring a discrimination claim under 29 U.S.C. § 791, he must plausibly allege that disability discrimination was the but-for cause of his termination. Section 791 incorporates the substantive standards of the ADA. *See* 29 U.S.C. § 791(f). And the ADA requires but-for causation. *See Murray v. Mayo Clinic*, 934 F.3d 1101, 1107 (9th Cir. 2019). That standard applies regardless of the causal connection pleaded in the complaint. A plaintiff cannot plead himself out of application of the proper legal standard at the motion-to-dismiss stage.

The complaint plausibly alleges that each of the six areas identified in Lopez-Albinana's performance improvement plan were related to the effects of his disability on his work product.

---

[1] The defense's renewed request for judicial notice of Lopez-Albinana's termination letter is granted because its existence as part of the administrative record cannot reasonably be questioned. However, the Court cannot take notice of the document's contents for their truth. The renewed request for judicial notice of the email thread where Lopez-Albinana withdrew his first informal complaint is denied as moot. The Court did not consider that document to dispose of this motion.

The same is true of the categories listed in the termination letter, which closely track the performance improvement plan. That is more than sufficient to plausibly allege that his disability was the but-for cause of his termination. Lopez-Albinana has also alleged that he could have carried out the essential functions of his position with reasonable accommodations to account for his disability by, for example, providing examples of devices or account access that would eliminate his need to handwrite. Even if the allegations in the complaint are sparse on this point, as a matter of common sense, it is at least plausible that reasonable accommodations existed to enable Lopez-Albinana to perform the essential parts of his job that included handwriting.

Lopez-Albinana has also adequately pleaded a retaliation claim. He plausibly alleges that he was terminated for initiating informal counseling and filing a formal complaint after his December meeting with Vega and Dandridge. The alleged protected activity and the adverse action happened within a condensed period of roughly two months. And, in contrast to what was noted in the Court's last order, both events occurred *after* Vega promoted Lopez-Albinana and recommended him for a merit-based monetary award. It is at least plausible that, despite his promotion and recognition in the fall, Lopez-Albinana's complaints after the December meeting were the final straw that frustrated his supervisors and led them to seek his termination. Lopez-Albinana also sufficiently alleges that this claim was properly exhausted, as he updated his formal complaint, which alleged retaliation, to reflect his termination.

An initial case management conference is scheduled for February 23, 2022, at 1:00 p.m. A joint case management statement is due by February 16, 2022.

**IT IS SO ORDERED.**

Dated: February 8, 2022

_____
VINCE CHHABRIA
United States District Judge